JOHN W. RIX, Appellant, *v.* NATHAN SIEGEL, Doing Business as WILLIAMSBURG KNITTING MILLS, Respondent.

First Department, May 20, 1932.

*William G. Walsh* of counsel [*G. Everett Hunt* with him on the brief; *Evans, Hunt & Rees*, attorneys], for the appellant.

*Leo C. Weiler* of counsel [*William E. Lowther*, attorney], for the respondent.

MARTIN, J. The complaint alleges that the defendant owned and operated, as a factory, the premises located at No. 20 Bogart street, Brooklyn, New York city; that the employer of the plaintiff, DeBothezat Impeller Co., Inc., was requested by the defendant to inspect, lubricate and make necessary repairs to an electric ventilating fan on the premises; that pursuant to such request and on or about July 26, 1928, while the plaintiff was working in the basement of the building, he was injured by reason of the negligence and carelessness of the defendant in that he was precipitated against and into an electrically-driven ventilating fan, which was revolving at a high rate of speed. The complaint alleges violations of former section 81, subdivision 3, of the Labor Law and rule 1853 of the Rules of the Industrial Code, and upon the trial the plaintiff amended his complaint to further allege a violation of section 256 of the Labor Law, which was derived from former section 81.

The answer of the defendant, after admitting ownership of the premises and the operation of same as a factory, denies the other allegations of the complaint. As separate defenses it alleges that the injuries were due to the negligence of the plaintiff or to the negligence of some third person over whom the defendant had no control.

The court, at the close of the plaintiff's case, dismissed the complaint on the ground that plaintiff was guilty of contributory negligence.

The defendant, a manufacturer, used in the drying room, in connection with its dyeing process, what is called a DeBothezat fan, the product of the plaintiff's employer, DeBothezat Impeller Co., Inc. The fan was sold to the defendant by the plaintiff's employer but was installed shortly before the accident by another contractor. Lubricating trouble developed in the machinery which propelled the fan and the defendant requested the DeBothezat Impeller Co., Inc., to send someone to correct the trouble. The day before the accident a man from the DeBothezat Co., Inc., called at the defendant's premises but was unable to make the necessary repairs, and on the day of the accident, the plaintiff, who was the foreman or superintendent of the company, called at the defendant's factory, identified himself as the man sent to correct the lubricating trouble and was taken by Mr. Ginsberg, the defendant's foreman, to the cellar and the fan in question was pointed out to the plaintiff.

After looking it over, the plaintiff decided it would be necessary to remove the fan motor and get at the bearings. In order to lift the motor out of an eighteen-inch galvanized steel pipe in which it was inclosed it was necessary to take the wheel off the motor shaft. The entire fan system, with the exception of the wheel, was attached to the westerly side of a partition or wall in the cellar at the place where the plaintiff was working. The wheel, however, was located on the other side of the wall or partition and in order to remove it the plaintiff started to walk through the cellar toward an opening in the partition. He said that the cellar was poorly lighted and contained a number of large boxes and other obstructions. He had taken but a few steps on his way to the other side of the partition when he stepped on something on the floor which rolled under his foot and caused him to stumble forward. It was too dark for him to see what he stepped on. As he fell forward he put out his hands to protect himself and caught hold of a steel bar which he afterwards learned was holding an unprotected ventilating fan. His left hand slipped off the bar and went into the revolving fan causing him to lose the thumb and three fingers on that hand.

It is the contention of the plaintiff that the fan into which his hand slipped was not protected as required by law and that he would not have been injured if the fan had been properly protected; that the place was not lighted as required by the Labor Law and the Rules of the Industrial Code and that he was not negligent.

The Labor Law, section 256, provides that all moving parts of machinery shall be kept properly lighted and guarded during working hours in order to prevent accidents.

The Labor Law, section 257, provides that in every factory, proper lighting shall be provided during working hours for all places where persons work or pass, or may have to work or pass in emergencies, and for all moving parts of machinery not required to be guarded by section 256 and the Rules of the Commission [Industrial Board] and dangerous because of their location.

Rule 1853 of the Industrial Code of the State Department of Labor provides that each ventilating fan within seven feet of the floor or working platform, exposed to contact, shall be completely covered over with wire mesh, of not less than twenty gauge, the openings of which will reject a ball one-half inch in diameter.

A description of the manner in which the cellar was lighted was given by the plaintiff and his witness and under the circumstances outlined by them there was a question of fact as to whether the lights were sufficient in number and size and properly located. There was also a question of fact whether the machinery was guarded as provided by the Labor Law, and whether the plaintiff was guilty of contributory negligence in view of the surrounding circumstances, the manner of performing the work and the requirements therefor.

We are of opinion that the case should have been submitted to the jury on the questions of fact involved, and that it was error to dismiss the complaint upon the ground that plaintiff was guilty of contributory negligence as a matter of law.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J. McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.